IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX JEROME HARRIS, | § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-10-2874 |
| RICK THALER, | § § | |
| Respondent. | § § | |

**MEMORANDUM AND OPINION**

The petitioner, Felix Jerome Harris, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state-court felony conviction for statutory rape. Because Harris filed this suit too late, it is dismissed. The reasons are explained below.

**I.     Background**

In 1982, a jury found Harris guilty of the felony offense of aggravated rape. (Cause Number 352626, 262nd Judicial District Court of Harris County, Texas.) On June 1, 1982, the jury sentenced Harris to life in prison. The First Court of Appeals affirmed on June 30, 1983. Online research reveals that Harris did not file a petition for discretionary review in the Texas Court of Criminal Appeals. *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us/ opinions. On May 25, 2010, Harris filed an application for state habeas corpus relief. On June 9, 2010, the Texas Court of Criminal Appeals denied relief without written order.

On July 9, 2010, this court received Harris's federal petition. The petition was filed when Harris gave it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d

374, 378 (5th Cir. 1998). This court presumes that Harris put his federal petition in the prison mail on the date he signed it, July 7, 2010. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

Harris contends that his conviction is void because his punishment was illegal and his attorney had a conflict of interest. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7). The issue is whether he filed his federal petition too late for this court to consider his claims.

**II. Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>   (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Although the statute of limitations is an affirmative defense, a district court may raise the defense on its own and dismiss a petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). In an order entered on September 8, 2010, this court ordered Harris to file a written statement by October 15, 2010, showing why this court should not dismiss his petition as time-barred under 28 U.S.C. § 2244(d).[1] (Docket Entry No. 8). On September 30, 2010, Harris filed his response. (Docket Entry No. 9). Harris argues that this court should disregard the limitations period imposed by the AEDPA. He also argues that his attorney, Richard Wetzel, filed a "writ" on Harris's behalf in 1978.

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking review has expired. 28 U.S.C. § 2244(d)(1)(A). This period is tolled while a properly filed motion for state postconviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The one-year limitation period may be equitably tolled but only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

A habeas petitioner whose claims otherwise would be time-barred because the limitations period would have expired before AEDPA's effective date had one year after that date, or until April 24, 1997, to file a federal habeas petition. *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir.

---

[1] *See Day v. McDonough*, 547 U.S. 198 (2006).

3

1998). The one-year period is subject to AEDPA's express tolling provision for time spent pursuing state postconviction relief or other collateral review. *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998). The one-year period is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).

Harris is challenging a conviction entered on June 1, 1982, before the AEDPA's effective date. Harris had until April 24, 1997 to file a federal habeas petition. He did not file this federal petition until July 7, 2010. Although

A properly filed application for state post-conviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997). The one-year limitations period began on April 24, 1996 and ended one year later. Because Harris did not file his state habeas application during the one-year period ending on April 24, 1997, the state habeas filing did not toll the federal limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Harris claims that his attorney filed a writ on his behalf in 1978. Assuming that Harris is referring to a state application, it had no tolling effect because it was not filed during the one-year period.

Harris's claims are time-barred unless he can show that a statutory or equitable exception applies. The record does not show any basis for equitable tolling. A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips*, 216 F.3d at 511. "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied*, 529 U.S. 1057 (2000); *see also Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of

representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S. Ct. 504 (1999). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher*, at 715 n.14.

Harris does not identify any grounds for equitable tolling and the record discloses none. *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.)(finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999).

Nor does Harris satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Harris from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Harris's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Harris's claims relate to the trial on June 1, 1982. Harris has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Harris's federal petition is untimely and dismissed on that basis.

### III.  Conclusion

Harris's challenges to his 1982 conviction are dismissed as time-barred. This case is dismissed. Any remaining pending motions are denied as moot.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). Harris has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling. This court will not issue a COA.

SIGNED on October 26, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge